**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.**

DAISY PEDRAZA,

      PLAINTIFF,

v.

CARNIVAL CORPORATION, a
Foreign Profit Corporation,

      DEFENDANT.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**DAISY PEDRAZA**, by and through undersigned counsel, hereby sues **Defendant, CARNIVAL CORPORATION** (hereinafter referred to as "Defendant"), and alleges as follows:

## GENERAL ALLEGATIONS

1) The is an action for damages in excess of the sum specified by 28 U.S.C. § 1332, not inclusive of attorneys' fees and costs. Alternatively, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

2) At all times material and relevant hereto, **DAISY PEDRAZA**, was a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

3) At all times material and relevant hereto, **Defendant** is a foreign corporation with its principal place of business in Miami-Dade County, Florida.

4) At all times material and relevant hereto, **Defendant** personally or through an agent:

    a. Operated, conducted, engaged in or carried on business or business ventures in the State of Florida and/or had an office or agency in the State of Florida;

b. Was engaged in substantial activity within the State of Florida;

c. Operated vessels in the waters of the State of Florida;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e. The acts of **Defendant** set out in this Complaint occurred in whole or in part in the State of Florida; and

f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel **VICTORY**.

5) At all times material hereto, **Defendant** is subject to the jurisdiction of the Courts of this state.

6) On April 20, 2019, **Defendant** owned, managed, controlled, operated, maintained and/or had exclusive possession of **VICTORY** (hereinafter referred to as "the vessel").

7) At that time and place, **DAISY PEDRAZA**, was a paying passenger on the vessel, which was in navigable waters.

8) At that time and place and at all relevant times hereto, **Defendant's** agents, servants, and employees acted within the course and scope of their employment.

9) On May 29, 2020, due to the ongoing COVID-19 pandemic, **Defendant** by and through its agents and/or employees agreed to extend the statute of limitations for this matter to August 12, 2020.

## COUNT I— NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

**DAISY PEDRAZA**, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges:

10) At all times material hereto, **Defendant** owed a duty to provide passengers, such as

**DAISY PEDRAZA** with reasonable care under the circumstances.

11) At all times material hereto, it was the duty of **Defendant** to warn passengers, such as **DAISY PEDRAZA**, of dangers that were known, or reasonably should have been known, to **Defendant** in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

12) On or about April 20, 2019, **DAISY PEDRAZA** was at or near the 24/7 pizza station area aboard **Defendant's** vessel, which is a place that **DAISY PEDRAZA** was invited to by **Defendant** and a place Defendant reasonably expected **DAISY PEDRAZA** to be in during the cruise.

13) On or about April 20, 2019, **Defendant** and/or its agents, servants and/or employees breached its duty to warn **DAISY PEDRAZA** through the following acts and/or omissions:

   a. Failure to warn **DAISY PEDRAZA** of the unreasonably wet and slippery condition of the subject area; and/or

   b. Failure to warn **DAISY PEDRAZA** of the risks and/or dangers associated with the unreasonably wet, slippery, and hazardous flooring surface of the subject area, including but not limited to hazardous coefficient of friction in light of the wet and/or slippery condition of the flooring surface; and/or

   c. Failure to warn passengers and **DAISY PEDRAZA** of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface.

14) The above acts and/or omissions caused and/or contributed to **DAISY PEDRAZA** being severely injured, because **DAISY PEDRAZA** would not have walked on the wet and/or slippery floor had **Defendant** and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to **DAISY PEDRAZA**.

15) At all times material hereto, the surface of the subject area was unreasonably wet, slippery, and/or dangerous.

16) At all times material hereto, **Defendant** knew of the foregoing dangerous conditions causing **DAISY PEDRAZA's** incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that **Defendant**, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. As it relates to conditions that **Defendant** contends it did not create, **Defendant's** knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

17) As a direct result of one or more of the above-mentioned acts of negligence or omissions, **DAISY PEDRAZA**, suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and **DAISY PEDRAZA** will continue to suffer these losses in the future.

**WHEREFORE**, **DAISY PEDRAZA**, hereby demands judgement for damages, costs and interest against **Defendant**, together with whatever other relief the Court deems just and appropriate.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

**DAISY PEDRAZA**, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges:

18) At all times material hereto, **Defendant** owed a duty to provide passengers, such as **DAISY PEDRAZA** with reasonable care under the circumstances.

19) At all times material hereto, it was the duty of **Defendant** to maintain the deck at or near the 24/7 pizza station in a reasonably safe condition.

20) On or about April 20, 2019, **Defendant** and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect the deck of its premises at or near the 24/7 pizza station area, to determine whether it was unreasonably wet or slippery; and/or

   b. Failure to maintain the surface at or near the 24/7 pizza station area where Plaintiff's incident occurred in a reasonably safe condition in light of the anticipated use of the dining and/or beverage area; and/or

   c. Failing to follow the manufacturer of the subject flooring surface's instructions for cleaning and/or maintaining the deck; and/or

   d. Failure to maintain the surface at or near the 24/7 pizza station area in a reasonably safe condition if/when the subject area floor became wet, or too slippery, including, but not limited to, closing off the subject area that was dangerously slippery, and/or placing signage to warn passengers of hazardous areas.

21) The above acts and/or omissions caused and/or contributed to **DAISY PEDRAZA** being severely injured, because **DAISY PEDRAZA**'s incident would not have occurred but for **Defendant's** failure to adequately inspect and/or maintain the subject area.

22) At all times material hereto, the surface of the subject area was unreasonably wet, slippery, and dangerous.

23) At all times material hereto, **Defendant** knew of the foregoing dangerous conditions causing **DAISY PEDRAZA** incident and did not correct them, or the conditions existed for a sufficient length of time so that **Defendant**, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through **Defendant's** maintenance

and/or inspections at or near the 24/7 pizza station area and/or through prior incidents involving passengers injured due to the wet floor in the subject area on **Defendant's** vessels and/or **Defendant's** similar vessels using the same flooring surface.

24) As a direct result of one or more of the above-mentioned acts of negligence or omissions, **DAISY PEDRAZA**, suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and **DAISY PEDRAZA** will continue to suffer these losses in the future.

**WHEREFORE**, **DAISY PEDRAZA**, hereby demands judgement for damages, costs and interest against **Defendant**, together with whatever other relief the Court deems just and appropriate.

## <u>COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT</u>

**DAISY PEDRAZA**, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges:

25) At all times material hereto, **Defendant** owed a duty to provide passengers, such as **DAISY PEDRAZA** with reasonable care under the circumstances.

26) On or about April 20, 2019, **Defendant** and/or its agents, servants and/or employees breached its duty to provide **DAISY PEDRAZA** with reasonable care under the circumstances through the following acts and/or omissions:

a. Failure to maintain the subject area in a clean and dry condition; and/or

b. Failure to adequately and regularly inspect the subject area for wet and/or slippery

conditions; and/or

c.   Failure to adequately and regularly monitor the subject area to maintain it free of wet and slippery conditions; and/or

d.   Failure to regularly and adequately clean the subject area; and/or

e.   Failure to close off and/or place warning signs on or around the wet and slippery areas of the subject deck; and/or

f.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet and slippery conditions; and/or

g.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet and/or slippery areas and/or that such wet and/or slippery areas are closed off; and/or

h.   Failure to analyze prior slip-and-fall accidents aboard **Defendant's** vessels occurring in the same area and/or type of flooring surface so as to remedy such hazardous conditions; and/or

i.   Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of flooring surface; and/or

j.   Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

k.   Failure to retrofit flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

l.   Failure to test and/or adequately evaluate flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

m.   Failure to have a non-slip or non-skid flooring surface on the subject area; and/or

n.   Failure to place rubber mats or apply a non-slip or non-skid substance for the flooring surface on or around the subject area; and/or

o.   Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers and Plaintiff; and/or

p.   Failure to instruct passengers and the Plaintiff concerning proper footwear when walking on the subject flooring surface and/or the subject area.

27) The above acts and/or omissions caused and/or contributed to **DAISY PEDRAZA**

being severely injured, because **DAISY PEDRAZA's** incident would not have occurred but for such acts and/or omissions.

28) At all times material hereto, **Defendant** knew of the foregoing dangerous conditions causing **DAISY PEDRAZA's** incident and did not correct them, or the conditions existed for a sufficient length of time so that **Defendant**, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through **Defendant's** maintenance and/or inspections at or near the 24/7 pizza station area and/or through prior incidents involving passengers injured due to the wet floor in the subject area on **Defendant's** vessels and/or **Defendant's** similar vessels using the same flooring surface.

29) As a direct result of one or more of the above-mentioned acts of negligence or omissions, **DAISY PEDRAZA**, suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and **DAISY PEDRAZA** will continue to suffer these losses in the future.

**WHEREFORE**, **DAISY PEDRAZA**, hereby demands judgement for damages, costs and interest against **Defendant**, together with whatever other relief the Court deems just and appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

**DAISY PEDRAZA** does hereby demand trial by jury of all issues so triable as a matter of right.

Dated: <u>August 10, 2020</u>

.

                                        **LAW OFFICE OF IRWIN AST**

*Attorneys for Plaintiff*
2121 S.W. 3rd Avenue, Suite 401
Miami, Florida 33129
Tel:    (305) 307-5208
Fax:    (305) 901-5639
Email:  irwin@astlawfirm.com
            leo@astlawfirm.com
            pleadings@astlawfirm.com

By:   */s/ Irwin Ast*
Irwin Ast, Esq.
Fla. Bar No.: 0059879